**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**KARL LINARD MALLOY,**

**Appellant,**

**v.** **Civil Action No. 3:25cv781**

**WILLIAM A. BROSCIOUS,**

**Appellee.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se*[1] Appellant Karl Linard Malloy's appeal of two orders from the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court")[2]:

1. Order denying Mr. Malloy's Motion to Dismiss pursuant to 11 U.S.C. § 707(a) (the "§ 707(a) Order"), (ECF No. 1-1, at 10–13; Bankr. ECF No. 843),[3] and

---

[1] Mr. Malloy is an attorney licensed to practice law in the State of New York, the State of Maryland, and the District of Columbia, but he is not a member of the Virginia State Bar. *See In re Karl Linard Malloy*, Case No. 23-33442-KRH, ECF No. 426, at 5 n.4 (Bankr. E.D. Va. Oct. 28, 2024). For the purposes of this appeal, the Court will consider Mr. Malloy a *pro se* litigant.

[2] The instant matter is one of 44 appeals Mr. Malloy has filed with this Court. *See* 3:24-cv-02, 3:24-cv-59, 3:24-cv-170, 3:24-cv-727, 3:24-cv-728, 3:24-cv-729, 3:24-cv-778, 3:24-cv-779, 3:24-cv-785, 3:42-cv-786, 3:24-cv-788, 3:24-cv-790, 3:24-cv-791, 3:24-cv-792, 3:24-cv-793, 3:24-cv-794, 3:24-cv-795, 3:24-cv-796, 3:24-cv-797, 3:24-cv-828, 3:24-cv-832, 3:24-cv-891, 3:25-cv-21, 3:25-cv-104, 3:25-cv-300, 3:25-cv-416, 3:25-cv-417, 3:25-cv-525, 3:25-cv-534, 3:25-cv-760, 3:25-cv-780, 3:25-cv-781, 3:25-cv-834, 3:25-cv-866, 3:26-cv-21, 3:26-cv-22, 3:26-cv-82, 3:26-cv-8; 3:26-cv-494, 3:26-cv-751; 3:26-cv-761; 3:26-cv-762; 3:26-cv-848; 3:26-cv-894. The Court has ruled on 31 of these appeals, including the instant appeal.

[3] This Court employs the pagination assigned by the CM/ECF docketing system. The Court cites primarily to its own record, "(ECF No. X)." However, given the onslaught of paperwork submitted in support of these nearly entirely frivolous appeals, the Court supplements the record with citations to documents on the underlying Bankruptcy Court docket, Case No. 23-33442-KRH (Bankr. E.D. Va.), "(Bankr. ECF No. X)," and citations to a related adversary

2. Order denying Mr. Malloy's Motion to Amend pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 (the "Motion to Amend Order") (ECF No. 1-1, at 5–9; Bankr. ECF No. 886).

Mr. Malloy filed an appellate brief, (ECF No. 16), as did Chapter 7 Trustee and Appellee William A. Broscious (the "Chapter 7 Trustee"), (ECF No. 17). Mr. Malloy replied. (ECF No. 18.)

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, the matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a). For the reasons articulated below, the Court will affirm the Bankruptcy Court's § 707(a) Order and Motion to Amend Order and dismiss Mr. Malloy's appeal.

## I. Factual and Procedural Background

### A. Factual Background

This Court has previously laid out the factual background underlying the instant bankruptcy proceeding (the "Bankruptcy Case"). *See, e.g.*, *Malloy v. Schelin*, No. 3:25-cv-417 (MHL), ECF No. 27, at 2–10 (E.D. Va. Sep. 1, 2026). A significantly truncated background

---

bankruptcy proceeding, *Schelin v. Malloy*, No. 23-03043-KRH (Bankr. E.D. Va.), "(Ad. Pro. ECF No. X)".

Moreover, the Court notes that, in addition to noticing the entire Bankruptcy Court's docket, (ECF No. 3-6), Mr. Malloy submitted with his appeal brief an "appendix" that includes over 21,000 pages of documents that Mr. Malloy neither cites nor provides context for, (ECF No. 16-1). Due to the volume of documents in the present record and in the appendix, the Court cannot discern whether the appendix includes materials that were not before the Bankruptcy Court, which this Court cannot consider in evaluating the instant appeal. *Hamlett v. Ocwen Fed. Bank, FSB*, 286 B.R. 835, 837 (W.D. Va. 2002) ("[A] district court is limited to considering only that evidence presented to the bankruptcy court and made a part of the record."), *aff'd sub nom. In re Hamlett*, 47 F. App'x 672 (4th Cir. 2002) (citation omitted). Accordingly, the Court will not consider the documents provided in Mr. Malloy's appendix.

shows that the Bankruptcy Case stems from a dispute between Mr. Malloy and Kristin Schelin and Mark Watson (the "Purchasers" or "Creditors") over a purchase agreement (the "Agreement") in which Mr. Malloy agreed to convey, and the Purchasers agreed to purchase, certain real property (the "Property") in Powhatan County, Virginia. (Ad. Pro. ECF No. 1, at 2.) The Purchasers sued Mr. Malloy in Powhatan County Circuit Court seeking, among other things, specific performance of the Agreement. (Ad. Pro. ECF No. 1, at 3.) On the eve of trial in the State Court Litigation, on October 5, 2023, Mr. Malloy filed a voluntary petition under Chapter 13, thereby initiating the Bankruptcy Case and staying the State Court Litigation by operation of U.S.C. § 362.[4] (Bankr. ECF No. 1.) Mr. Malloy then removed the state case to the Bankruptcy Court, (Ad. Pro. ECF No. 1), and on the Purchasers' motion, (Ad. Pro. ECF No. 8), the Bankruptcy Court remanded the case to the Powhatan County Circuit Court, (Ad. Pro. ECF No. 16). In October 2024, the Powhatan County Circuit Court entered Final Judgment (the "Final Judgment") in favor of the Purchasers and awarded, among other things, specific performance requiring Mr. Malloy to comply with the terms of the Agreement. (Bankr. ECF No. 332-1, at 3.)

After the Powhatan County Circuit Court rendered judgment, the Bankruptcy Court adopted the findings of fact in the Final Judgment, found that the Agreement merged into the Final Judgment, and concluded that the Agreement was no longer executory and could not be rejected under 11 U.S.C. § 365. (Bankr. ECF No. 481, at 6–8.) Because Mr. Malloy's initial Chapter 13 plan (the "First Plan") provided for rejection of the Agreement, (*see* Bankr. ECF No. 20), the Bankruptcy Court determined that the First Plan was facially unconfirmable but

---

[4] When a debtor files a bankruptcy petition, the Bankruptcy Code provides for an automatic stay of all judicial actions against the debtor. *Herlihy v. DBMP, LLC*, 167 F.4th 142, 149 (4th Cir. 2026); *see* 11 U.S.C. § 362(a)(1).

permitted Mr. Malloy to "propose an amended plan that [would] allow him to satisfy the State Court Judgment." (Bankr. ECF No. 481, at 10.)

Mr. Malloy then proposed two amended Chapter 13 plans, (Bankr. ECF Nos. 632, 736), both of which the Bankruptcy Court denied as facially unconfirmable, (ECF Nos. 723, 762). Following Mr. Malloy's submission of a third facially unconfirmable plan, and at the request the Purchasers and the Chapter 13 Trustee, the Bankruptcy Court converted the case from one under Chapter 13 of Title 11 of the United States code to one under Chapter 7 of Title 11 of the United States Code.[5] (Bankr. ECF No. 762, at 6.)

Less than a month after the Bankruptcy Court converted the Bankruptcy Case to Chapter 7, Mr. Malloy moved the Bankruptcy Court to dismiss the case under 11 U.S.C. § 707(a) (the "Motion to Dismiss").[6] (Bankr. ECF No. 809.) The Chapter 7 Trustee filed a written opposition.

---

[5] Chapters 13 and 7 serve different functions. Chapter 13, commonly called a wage earner's bankruptcy, "allows a debtor to retain his [or her] property if he [or she] proposes, and gains court confirmation of, a plan to repay his [or her] debts over a three-to-five-year period." *Harris v. Viegelahn*, 575 U.S. 510, 514 (2015). In contrast, Chapter 7 provides for "prompt liquidation of the debtor's assets." *Id.* at 513; *see also Janvey v. Romero*, 883 F.3d 406, 411 (4th Cir. 2018) ("Chapter 7 . . . allows debtors to discharge their outstanding debts in exchange for liquidating their nonexempt assets and distributing them to their creditors."). Under Chapter 7, a debtor's assets are "immediately transferred to a bankruptcy estate" controlled by a Chapter 7 trustee, who is charged with selling the property in the estate and distributing the proceeds to the debtor's creditors. *Harris*, 575 U.S. at 514.

[6] 11 U.S.C. § 707 authorizes a bankruptcy court to dismiss a Chapter 7 case or convert the case to Chapter 13 or Chapter 11 under certain circumstances. Section 707(a) authorizes a bankruptcy court to dismiss a Chapter 7 case "for cause." § 707(a); *see also* Section III.B.1., *infra*. Section 707(b) authorizes dismissal or conversion where the debtor's debts are primarily consumer debts and the bankruptcy court determines that discharging those debts would be an abuse of Chapter 7. § 707(b) (setting forth a complex formula for determining whether a chapter 7 case is presumed to be an abuse); *see also* 6 Collier on Bankruptcy ¶ 707.01 (16th ed. 2026).

In his Motion to Dismiss, Mr. Malloy moved for dismissal only under § 707(a), (Bankr. ECF No. 809, at 2), and the instant appeal considers only whether Mr. Malloy was entitled to dismissal under § 707(a), not § 707(b).

(Bankr. ECF No. 827.) On July 17, 2025, the Bankruptcy Court held a hearing on the Motion to Dismiss (the "§ 707(a) Hearing"), during which the Chapter 7 Trustee and the Purchasers orally opposed Mr. Malloy's request to dismiss the case. (Bankr. ECF No. 850, at 45:1–46:5, 46:11–47:1.) Following argument from the parties, the Bankruptcy Court orally denied Mr. Malloy's Motion to Dismiss. The following day, the Bankruptcy Court issued the written § 707(a) Order, which memorialized its oral order denying Mr. Malloy's Motion to Dismiss. (ECF No. 1-1, at 10–13.)

Two weeks after the Bankruptcy Court issued the § 707(a) Order, Mr. Malloy moved the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 9023 and, in the alternative under Rule 9024 for either a new hearing on the § 707(a) Order or for the Bankruptcy Court to amend its § 707(a) Order (the "Motion to Amend"). (Bankr. ECF No. 853.) On September 9, 2025, the Bankruptcy Court held a hearing on the Motion to Amend (the "Motion to Amend Hearing"), (Bankr. ECF No. 890), during which the Chapter 7 Trustee and the Purchasers orally objected to the Motion to Amend. (Bankr. ECF No. 20, at 20:12–19, 20:24–21:1.) The Bankruptcy Court orally denied the Motion to Amend, (Bankr. ECF No. 890, at 21:2–10), and issued its written Motion to Amend Order several days later, (ECF No. 1-1, at 5–8).

## B. Procedural Background

On September 24, 2025, Mr. Malloy appealed to this Court the Bankruptcy Court's § 707(a) Order and Motion to Amend Order. (ECF No. 1, 1-1.) On December 1, 2025, Mr.

---

After the Bankruptcy Court issued its § 707(a) Order and Motion to Amend Order, Mr. Malloy filed with the Bankruptcy Court a motion to dismiss under § 707(b), (Bankr. ECF No. 865), which the Bankruptcy Court denied, (Bankr. ECF No. 887). Mr. Malloy appealed to this Court the Bankruptcy Court's order denying his § 707(b) motion to dismiss. *See Malloy v. Broscious*, 3:25-cv-780 (MHL) (E.D. Va.).

Malloy filed his appellate brief. (ECF No. 16.) On December 30, 2025, Appellee filed his appellate brief. (ECF No. 17) On January 13, 2026, Mr. Malloy filed his reply. (ECF No. 18.)

## II. Standard of Review

"When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526–27 (E.D. Va. 2010) (citing *Webb v. Reserve Life Ins. (In re Webb)*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)). The district court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. *Stancill v. Harford Sands, Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 639 (4th Cir. 2004). A finding of fact is clearly erroneous if a court reviewing it, considering all of the evidence, "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Educ. Credit Mgmt. Corp. v. Mosko (In re Mosko)*, 515 F.3d 319, 324 (4th Cir. 2008) (quoting *United States Gypsum Co.*, 333 U.S. at 395).

"Decisions committed to the discretion of the bankruptcy court are reviewed for abuse of discretion." *In re Mitrano*, 409 B.R. 812, 815 (E.D. Va. 2009). A court reviews both a bankruptcy court's decision to deny a motion to dismiss pursuant to 11 U.S.C. § 707(a) and an order under Bankruptcy Rule 9023 and 9024 for abuse of discretion. *Janvey v. Romero*, 883 F.3d 406, 410 (4th Cir. 2018) (order on motion to dismiss under § 707(a) reviewed for abuse of discretion); *In re Mitrano*, 409 B.R. 812, 820 (E.D. Va. 2009) (order on motion to amend reviewed for abuse of discretion). "A bankruptcy court abuses its discretion 'when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or

when it relies on erroneous factual or legal premises.'" *Schultz v. Cheney*, No. 1:25-cv-322 (LMB), 2025 WL 2722657, at *5 (E.D. Va. Sep. 24, 2025) (quoting *United States v. Henry*, 673 F.3d 285, 291 (4th Cir. 2012)).

## III. Analysis

Mr. Malloy asks the Court to reverse and remand the Bankruptcy Court's § 707(a) Order and Motion to Amend Order. (ECF No. 16, at 54–55.) Appellees contend that the Bankruptcy Court correctly denied Mr. Malloy's Motion to Dismiss and Motion to Amend, and request that this Court affirm both the § 707(a) Order and the Motion to Amend Order. (ECF No. 17, at 18.)

After evaluating, as the Court must, whether it has jurisdiction to hear the instant appeal, the Court addresses each of the Bankruptcy Court's orders in turn. For the reasons articulated below, the Court finds that the Bankruptcy Court did not abuse its discretion in issuing the § 707(a) Order or the Motion to Amend Order, and the Court will affirm both orders and dismiss Mr. Malloy's appeal.

### A. The Court has Jurisdiction Under 28 U.S.C. § 158(a)

Under 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals of "cases and proceedings" of bankruptcy courts involving "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1).[7] To be appealable under § 158(a)(1), the challenged judgment, order, or decree

---

[7] 28 U.S.C. § 158(a) provides in full:

(a) The district courts of the United States shall have jurisdiction to hear appeals

> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees;

"does not have to end the entire bankruptcy case; it just has to end a proceeding inside the case." *Kiviti v. Bhatt*, 80 F.4th 520, 529 (4th Cir. 2023). Thus, a "final judgment, order, or decree" is "immediately appealable if [it] finally dispose[s] of discrete disputes within the larger bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020) (quotation and internal alterations omitted).

Mr. Malloy contends that both the § 707(a) Order and the Motion to Amend Order are final, appealable orders over which this Court has jurisdiction under § 158(a). (ECF No. 16, at 5–6; ECF No. 18, at 2–3.) Appellee argues that the § 707(a) Order is interlocutory.[8] (ECF No. 17, at 9–11.)

The Court agrees with Mr. Malloy. The United States Court of Appeals for the Fourth Circuit has not squarely decided whether the appeal of a bankruptcy court's order under 11 U.S.C. § 707(a) is final and appealable under § 158(a)(1). *Cf. McDow v. Dudley*, 662 F.3d 284, 290 (4th Cir. 2011) (holding that an order denying a motion to dismiss under 11 U.S.C. § 707*(b)* is final and appealable); *In re Delaney*, 110 F.4th 565, 568 (2d Cir. 2024) (holding that motion to dismiss under § 707(a) was a "nonfinal order of the bankruptcy court"). But the instant appeal disposes of a "discrete dispute" within the Bankruptcy Case: namely, whether

---

> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a). Because this is not an interlocutory order or decree issued under § 1121 and Mr. Malloy did not seek leave of court to file his appeal, the Court limits its jurisdictional review to § 158(a)(1).

[8] Appellee appears to take no position on whether the Motion to Amend Order is also interlocutory or whether it is final and appealable.

cause exists under § 707(a) to dismiss the Chapter 7 case. *See also Janvey v. Romero*, 883 F.3d 406, 410 (4th Cir. 2018) (considering on the merits a bankruptcy court's denial of a § 707(a) motion). Accordingly, the Court finds that the instant orders are final and appealable under § 158(a)(1) and exercises jurisdiction over them.

### B. The Court Will Affirm the § 707(a) Order

#### 1. Legal Standard: Dismissal Under § 707(a)

Under 11 U.S.C. § 707(a), a bankruptcy court "*may*" dismiss a Chapter 7 case "*only for cause*." *Id.* (emphasis added). "'Cause' is an open-ended term." *Janvey*, 883 F.3d at 411. Although § 707(a)(1)–(3) supplies several examples of "cause," such examples are "illustrative rather than exhaustive." *Janvey*, 883 F.3d at 411. "Bankruptcy Courts are therefore left to determine case by case what constitutes valid cause for dismissal of a Chapter 7 bankruptcy petition." *Id.*; *see also In re Lattea*, No. 3:19-BK-30130, 2021 WL 977854, at *4 (Bankr. S.D.W. Va. Mar. 15, 2021) (explaining that "cause" is a "nebulous" term in this context). Although cause is determined on a case-by-case basis, when evaluating whether cause exists warranting voluntary dismissal by a debtor under § 707(a), courts examine six factors:

> (1) whether all creditors have consented; (2) whether the debtor is acting in good faith; (3) whether the dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

*In re Lattea* , 2021 WL 977854, at *4.

"The burden of proving cause for a voluntary dismissal rests on the debtor." *Id.* A court considering a motion to dismiss under § 707(a) "is required to consider the impact that a dismissal will have on the various entities involved in the case and to ascertain which direction satisfies the best interest of all parties." *In re McCullough*, 229 B.R. 374, 376 (Bankr. E.D. Va.

1999) (citation omitted). The "key decision" is "whether the dismissal is in the best interests of the creditors and the debtor." *Id.* (citation omitted); *In re Komyathy*, 142 B.R. 755, 757 (Bankr. E.D. Va. 1992). "In other words, '[a] voluntary dismissal will normally be denied when the dismissal will cause some plain legal prejudice to the debtor's creditors.'" *In re Lattea*, 2021 WL 977854, at *4 (quoting *McCullough*, 229 B.R. at 376). "And, even if a court finds cause for voluntary dismissal, the relief may still be denied if there is a showing of prejudice to creditors." *Id.* (citation omitted). Relevant here, bankruptcy courts have found that dismissal is not in the interests of the creditors when, even if the debtor is able to pay off his or her debts, the creditors would lose the "guarantee" of such payments under the Bankruptcy Code. *In re Komyathy*, 142 B.R. at 757.

### 2. The Bankruptcy Court Did Not Abuse its Discretion in Denying the Motion to Dismiss Because Dismissal Under § 707(a) Would Prejudice the Creditors

In its oral findings from the bench, the Bankruptcy Court found that no cause existed under § 707(a) that would support dismissal of the case. (Bankr. ECF No. 850, at 47:22–48:3.)[9] In the subsequent written § 707(a) Order, the Bankruptcy Court also found that dismissing the case would prejudice the opposing creditors because: (1) Mr. Malloy failed to show that he would be able and willing to pay his creditors in full outside the bankruptcy context; (2) dismissal was not appropriate because certain creditors opposed dismissal; (3) no creditor supported dismissal; and, (4) it appeared that all claims would be satisfied through the Chapter 7

[9] The § 707(a) Order does not expressly state that Mr. Malloy failed to establish cause for dismissal, but the Bankruptcy Court stated so in its oral ruling in Mr. Malloy's Motion to Dismiss. (*Compare* ECF No. 1-1, at 10–11 (§ 707(a) Order) and Bankr. ECF No. 850, at 47:22–48:3 (oral order from the bench).) In considering whether the Bankruptcy Court abused its discretion in issuing the § 707(a) Order, the Court considers the record in its entirety.

Trustee's administration of the bankruptcy case. (ECF No. 1-1, at 11); *see also In re Lattea*, 2021 WL 977854, at *4 (explaining that bankruptcy courts consider factors including creditor consent, possible delay in payment, and the debtor's good faith in evaluating a § 707(a) motion to dismiss). Ultimately, the Bankruptcy Court concluded that, "[i]n the absence of affirmative creditor consent, the potential for non-payment of creditors outside of bankruptcy constitutes sufficient prejudice to justify denial of the Motion [to Dismiss]." (ECF No. 1-1, at 11.)

The Bankruptcy Court properly applied the above standard in considering Mr. Malloy's Motion to Dismiss and did not abuse its discretion in denying the motion. Both the Chapter 7 Trustee and Purchasers—two of the primary creditors—contended that no cause existed justifying dismissal under § 707(a) despite Mr. Malloy's arguments to the contrary.[10] (Bankr. ECF No. 827 (Chapter 7 Trustee's written objection); Bankr. ECF No. 850, at 45:1–47:1 (testimony at the § 707(a) Hearing from the Chapter 7 Trustee's counsel and creditors' counsel objecting to the Motion to Dismiss).) To the contrary, counsel for the Chapter 7 Trustee and counsel for the creditors testified that the bankruptcy case was proceeding to resolution, and that it would therefore be in the creditors' best interests to proceed in Chapter 7. The record before the Court amply supports the Bankruptcy Court's findings in the § 707(a) Order and its decision not to dismiss the case. In other words, the Bankruptcy Court rested its finding on the "key

---

[10] In his Motion to Dismiss, Mr. Malloy unsuccessfully contended that that four bases for cause existed: (1) the Bankruptcy Court's order converting the case from Chapter 13 to Chapter 7 was "factually and legally defective" and premised on violations of Mr. Malloy's due process rights, (2) conflicts exist between Mr. Broscious, the Chapter 7 Trustee, his counsel, and the presiding Bankruptcy Judge that created an appearance of impropriety; (3) conversion to Chapter 7 was not in the best interest of the creditors or the estate; and, (4) Mr. Malloy's inability to secure counsel put him at a disadvantage that violated his due process rights. (Bankr. ECF No. 809, at 1–5; *see also* Bankr. ECF No. 850, at 36:20–23 ("So under 707(a), for procedural irregularity, ethical conflicts, fundamental unfairness, and the lack of benefit to the estate, I respectfully ask the Court to dismiss this Chapter 7 case under 11 U.S.C. 707.").)

decision" that dismissal was not "in the best interest of all the parties." *In re McCullough*, 229 B.R. at 376.

Mr. Malloy's arguments on appeal do not compel a different outcome. Mr. Malloy first argues that the Bankruptcy Court improperly found that the dismissal would prejudice the creditors because Mr. Malloy has the financial ability to repay all his claims. (ECF No. 16, at 25–26.) But a debtor's "ability to repay debts does not alone amount to cause for dismissal," *Janvey*, 883 F.3d at 416, and the Bankruptcy Court did not abuse its discretion in declining to dismiss Mr. Malloy's case on such a basis.

Second, Mr. Malloy argues that the Bankruptcy Court improperly found that Mr. Malloy engaged in "bad faith" based on a series of factual findings from the Bankruptcy Court's order converting the case from Chapter 13 to Chapter 7. (ECF No. 16, at 26–27.) The § 707(a) Order does not include the phrase "bad faith" and makes no reference to the factual determinations Mr. Malloy challenges.[11] (*See* ECF No. 1-1.) To the extent Mr. Malloy argues that the Bankruptcy Court's language in the § 707(a) Order finding that Mr. Malloy would be "unwilling[]" to pay his creditors relies on a prior finding by the Bankruptcy Court that Mr. Malloy proceeded in the Bankruptcy Case in bad faith, (ECF No. 1-1, at 11), Mr. Malloy cannot relitigate that finding here.

Finally, Mr. Malloy challenges the evidentiary decisions the Bankruptcy Court made during the § 707(a) Hearing, which Mr. Malloy contends "deprived [him] of the ability to demonstrate that dismissal was appropriate" and "violated [his] procedural rights." (ECF No. 16,

[11] For instance, Mr. Malloy submits that the Bankruptcy Court concluded that Mr. Malloy "had refused to convey the [Property], had rendered settlement impossible, and had created insurmountable title insurance obstacles." (ECF No. 16, at 26.) The § 707(a) Order and § 707(a) Hearing transcript are bereft of any findings by the Bankruptcy Court on these issues.

at 23, 27.) Mr. Malloy does not identify the specific findings he challenges on appeal, provide the basis for the Bankruptcy Court's exclusion of the evidence, or offer legal argument as to why the Bankruptcy Court impermissibly excluded the evidence. Instead, he attempts to relitigate evidentiary and legal losses in earlier proceedings, such as the Bankruptcy Court's order converting the case from Chapter 13 to Chapter 7. These have been decided and appealed, and he cannot raise these issues through this backdoor.[12]

A district court reviews a bankruptcy court's evidentiary rulings under an abuse of discretion standard. *David v. Summit Community Bank*, 536 F. Supp. 3d 68, 77 (E.D. Va. 2021) (citing *United States v. Hassan*, 742 F.3d 104, 130 (4th Cir. 2014)). The Court thoroughly reviewed the § 707(a) Hearing transcript and finds no indication that the Bankruptcy Court abused its discretion in its evidentiary rulings. (*See, e.g.*, Bankr. ECF No. 850, at 24–25 (declining to admit a Department of Justice press release as hearsay), 41–43, 44 (declining to admit evidence of settlement negotiations between the parties).)

In sum, because the Court finds the Bankruptcy Court did not abuse its discretion in issuing the § 707(a) Order, and Mr. Malloy's arguments to the contrary do not persuade, the Court will affirm the § 707(a) Order.

### C. The Court Will Affirm the Motion to Amend Order

#### 1. Legal Standard: Motion to Amend Under Federal Rules of Bankruptcy Procedure 9023 and 9024

Federal Rules of Bankruptcy Procedure 9023 and 9024 offer two grounds for reconsideration of an order issued by a bankruptcy court.

[12] In any event, this Court recently affirmed the Bankruptcy Court's order converting the Bankruptcy Case to Chapter 7, including its factual finding with respect to Mr. Malloy's pre- and post-petition conduct. *See Malloy v. Schelin*, No. 3:25-cv-417 (MHL), ECF No. 27, at 2–10 (E.D. Va. Sep. 1, 2026)

Bankruptcy Rule 9023 makes Federal Rule of Civil Procedure 59 applicable to judgments entered by the Bankruptcy Court, which permits a court to, among other things, amend or alter a judgment. Fed. R. Bankr. P. 9023(a); Fed. R. Civ. P. 59(e). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quotation omitted). The United States Court of Appeals for the Fourth Circuit recognizes only three grounds for relief under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.*

Bankruptcy Rule 9024 incorporates Federal Rule of Bankruptcy Procedure 60. Fed. R. Bankr. P. 9024(a). Federal Rule of Civil Procedure 60(b) authorizes a federal court to "relieve a party or its legal representative from a final judgment, order, or proceeding" in a limited set of circumstances. Fed. R. Civ. P. 60(b). To obtain relief from a judgment under Rule 60(b), the "moving party must first show: (1) that the motion is timely; (2) that he [or she] has a meritorious claim or defense; and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *Allen v. Stein*, 165 F.4th 272, 288–89 (4th Cir. 2026) (quotation omitted) (cleaned up). "After a party has crossed this initial threshold," a court turns to whether the moving party satisfies any of the grounds for relief set forth in Rule 60(b). *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quotation omitted). These bases include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

Neither a Rule 59 nor a Rule 60 motion may be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" but were not. *Pac. Ins. Co.*, 148 F.3d at 403 (quotation omitted); *Sherman v. Verizon Virginia, Inc.*, 220 F.R.D. 260, 263 (E.D. Va. 2002). "A party's mere disagreement with the court's ruling does not warrant" a motion for reconsideration. *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403).

**2. The Bankruptcy Court Did Not Abuse its Discretion in the Motion to Amend Order**

The Bankruptcy Court denied Mr. Malloy's motion to amend because Mr. Malloy failed to present new arguments or evidence that would change the court's outcome in the § 707(a) Order. (ECF No. 1-1, at 8.) Instead, the Bankruptcy Court correctly observed in the Motion to Amend Order that the motion to amend was merely Mr. Malloy's "latest attempt" to relitigate the issues previously decided by the Bankruptcy Court, including its ruling in the § 707(a) Order and "other rulings . . . and orders entered in connection with" the Bankruptcy Case. (ECF No. 1-1, at 8.) On appeal, Mr. Malloy argues (1) that his motion to amend identified "substantial inaccuracies" in the Bankruptcy Court's § 707(a) Order, (ECF No. 16, at 29); (2) that the Bankruptcy Court refused to consider new evidence in considering the motion to amend, (ECF

No. 16, at 30); and, (3) the Bankruptcy Court improperly refused to allow Mr. Malloy to present evidence during the Motion to Amend Hearing, (ECF No. 16, at 30–31). None of his arguments prevail.

Mr. Malloy first argues that his motion to amend identified "substantial inaccuracies" in the § 707(a) Order, including "the conclusions that [Mr. Malloy] was unwilling to convey the [Property], that he obstructed closing, and that title insurance was unavailable due to his state appeal." (ECF No. 16, at 29.) The Bankruptcy Court did not make any of these conclusions in the § 707(a) Order, nor did it mention them during the § 707(a) Hearing. In the absence of any findings on these issues by the Bankruptcy Court, the Court cannot and does not find that the Bankruptcy Court's § 707(a) Order contained any of the purported "substantial inaccuracies."

Second, Mr. Malloy argues that the Bankruptcy Court refused to consider "new and clarifying information" that allegedly demonstrated that the delays in the sale of the Property were "attributable to the [Purchasers], not [Mr. Malloy]." (ECF No. 16, at 30.) Mr. Malloy's appeal brief neither identifies the specific "information" he contends the Bankruptcy Court failed to consider nor how or why it would impact the § 707(a) Order, which makes no mention of Mr. Malloy's cooperation (or lack thereof) in conveying the Property. Even so, the Court notes that the Bankruptcy Court *did* consider new evidence regarding the Purchasers' conduct in facilitating the sale of the property, both at the Motion to Amend Hearing and in the Motion to Amend Order. (Bankr. ECF No. 890, at 4:12–5:6; ECF No. 1-1, at 8 n.3.) Specifically, the Bankruptcy Court took judicial notice of a recent declaration submitted by the Chapter 7 Trustee that explained the various challenges the creditors *and* Mr. Malloy posed in consummating conveyance of the Property. (Bankr. ECF No. 890, at 4:12–5:6; *see also* Bankr. ECF No. 869.) The record plainly illustrates that the Bankruptcy Court considered at least some of Mr. Malloy's

evidence concerning the Purchasers' delays in finalizing the sale of the Property, and the Court finds no abuse by the Bankruptcy Court in deciding that such evidence did not warrant reconsideration.[13] (*See* Bankr. ECF No. 890, at 6:17 (explaining that the Chapter 7 Trustee's declaration was "completely irrelevant"); ECF No. 1-1, at 8 n.3 (finding that the "representations contained in the [declaration] are immaterial to whether cause exists for dismissal pursuant to section 707(a) of the Bankruptcy Code").)

Finally, Mr. Malloy argues, as he did in his appeal of the § 707(a) Order, that the Bankruptcy Court abused its discretion in "refusing to allow" him to present evidence in support of his motion to amend, including "appraisals, repair estimates, [] documentation relating to the [P]roperty's condition, insurance availability, and the [Purchasers'] refusal to close." (ECF No. 16, at 30–31.) Mr. Malloy adds that the Bankruptcy Court "excluded the evidence without permitting [him] to authenticate the documents, call witnesses, or cure any foundational issues." (ECF No. 16, at 31.) Beyond these and other similar general allegations, Mr. Malloy makes no identifiably specific claims about the Federal Rules of Evidence he believes the Bankruptcy Court improperly applied, nor does he cite authority in support of his claims that the Bankruptcy Court erred in its rulings.

A careful review of the Motion to Amend Hearing transcript reveals no abuse of discretion by the Bankruptcy Court in its evidentiary rulings, including those with respect to Mr. Malloy's appraisals and repair estimates, which the Bankruptcy Court declined to admit as

---

[13] Notably, the Chapter 7 Trustee stated during the Motion to Amend Hearing that he was "not aware of any changed facts or anything that would be relevant for or grounds to . . . amend." (Bankr. ECF No. 890, at 20:12–19.)

irrelevant, impermissible hearsay, and improperly authenticated.[14] (Bankr. ECF No. 890, at 7:22–11:19 (appraisals), 11:24–14:14 (repair evidence).) The record wholly lacks any indication that the Bankruptcy Court denied Mr. Malloy the opportunity to cure his evidentiary obstacles. To the contrary, the Bankruptcy Court patiently explained to Mr. Malloy why his evidence was inadmissible and proposed alternative means through which Mr. Malloy could offer the evidence. (*See, e.g.*, Bankr. ECF No. 890, at 8:14–24; 13:6–25 ("[Y]ou could get all of the parties to stipulate to [the appraisal values]. I mean, that's an alternative. I'm trying to think of what other alternatives there would be.").) Rather than heed the Bankruptcy Court's advice, Mr. Malloy insisted that following the Rules of Evidence was "very difficult" and "a bit onerous," and he repeatedly asked the Bankruptcy Court to simply take "judicial notice" of his evidence, which the Bankruptcy Court appropriately declined to do. (Bankr. ECF No. 890, at 12:19–13:14.) Despite Mr. Malloy's frustration, the Court finds that the Bankruptcy Court did not abuse its discretion in excluding several pieces of Mr. Malloy's evidence.

At bottom, Mr. Malloy has not established that the Bankruptcy Court's Motion to Amend Order included material (or nonmaterial) inaccuracies, that the Bankruptcy Court refused to consider new evidence, or that the Bankruptcy Court improperly refused to permit Mr. Malloy to present evidence. Accordingly, the Bankruptcy Court did not abuse its discretion in the Motion to Amend Order, and the Court will affirm the order.[15]

---

[14] There is no record in the Motion to Amend Hearing transcript about Mr. Malloy's purported effort to move into evidence information about the creditors' "insurance availability." And, as the Court previously indicated, the Court permitted Mr. Malloy to offer evidence about the "creditors' refusal to close."

[15] Mr. Malloy dedicates a significant portion of his appeal brief to purported issues in the Bankruptcy Court's order converting the case from Chapter 13 to Chapter 7. (ECF No. 16, at 32–36.) Because the Bankruptcy Court's conversion order is not before the Court, the Court does not address Mr. Malloy's challenges to it, many of which the Court recently rejected in

## IV. Admonishment that the Court Will Impose a Prefiling Injunction

This is the third dismissal of Mr. Malloy's appeals on the merits. *Malloy v. Schelin*, No. 3:24-cv-2 (MHL), ECF No. 37 (E.D. Va. Nov. 19, 2024), *aff'd Schelin v. Malloy*, No. 24-2271, 2025 WL 3443443 (4th Cir. Dec. 1, 2025), *cert. denied*, — S. Ct. —, 2026 WL 1780201 (June 22, 2026); *Malloy v. Schelin*, No. 3:25-cv-417 (MHL), ECF No. 27 (E.D. Va. Sep. 1, 2025).

None of Mr. Malloy's prolix appeals, including the instant appeal, have proved meritorious. The Court admonishes Mr. Malloy that if he files yet another frivolous appeal, the Court will find that Mr. Malloy has abused his right of appeal from the Bankruptcy Court. After that appeal, Mr. Malloy will have to seek leave of Court before filing an appeal arising from the underlying Bankruptcy Case, *In re Karl Linard Malloy*, Case No. 23-33442-KRH (Bankr. E.D. Va.), or the related Adversary Bankruptcy Proceeding, *Schelin v. Malloy*, No. 23-03043-KRH (Bankr. E.D. Va.). In seeking leave, Mr. Malloy must include on the front of the filing a

---

affirming the conversion order. *See Malloy v. Schelin*, No. 3:25-cv-417 (MHL), ECF No. 27 (E.D. Va. Sep. 1, 2026).

Mr. Malloy suggests—once again—that a series of "structural conflicts of interest" between the Chapter 7 Trustee, his counsel, and the law firm representing the Purchasers' counsel create an "appearance of partiality." (ECF No. 16, at 44–47.) The Court sees no basis for reversal based on these alleged conflicts of interest. (*See also* Bankr. ECF No. 821 (Bankruptcy Court order approving the Chapter 7 Trustee's application for employment of counsel that discusses and rejects many of the purported structural conflicts).) Mr. Malloy would do well to steer away from unfounded and improper challenges to the ethical conduct of any attorney absent a proper basis to do so. Such conduct can be sanctionable, even against a *pro se* party.

document labeled "Certificate of Compliance" that contains a summary, not to exceed (1) page, explaining why the Court has jurisdiction to consider the appeal.

Once imposed, Mr. Malloy's failure to comply with the above directives will result in summary dismissal of the new action. The injunction <u>does not apply</u> to Mr. Malloy's 14 pending appeals before this Court.[16]

## V. Conclusion

For the reasons articulated above, the Bankruptcy Court did not abuse its discretion in the § 707(a) Order or the Motion to Amend Order. Accordingly, the Court will affirm both orders and dismiss the appeal.

An appropriate Final Order shall issue.

Date: 9/11/26
Richmond, Virginia

/s/ M. Hannah Lauck
M. Hannah Lauck
Chief United States District Judge

[16] These include: 3:25-cv-760, 3:25-cv-780, 3:25-cv-781, 3:25-cv-834, 3:25-cv-866, 3:26-cv-21, 3:26-cv-22, 3:26-cv-82, 3:26-cv-83, 3:26-cv-751, 3:26-cv-761, 3:26-cv-762, and 3:26-cv-848, 3:26-cv-894.